# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LORD GIYLANAH YISHRAEL, *d/b/a/ Tia D. Greene*, | * |
| Plaintiff | * |
| v | Civil Action No. ELH-19-333 |
| BALTIMORE GAS AND ELECTRIC, U.N. GENERAL ASSEMBLY, MASONIC LODGES, FRATERNAL ORGANIZATIONS, | * |
| Defendants | * |

## MEMORANDUM

Plaintiff Lord Giylanah Yishrael,[1] who is self represented, filed a Complaint (ECF 1) along with a motion for leave to proceed in forma pauperis. ECF 2. Plaintiff's motion for leave to proceed in forma pauperis is incomplete because she did not respond to several questions. The financial information provided by plaintiff suggests that she is indigent and eligible to proceed in forma pauperis. Requiring her to correct the deficiencies in her motion would only delay review of the Complaint, which for the following reasons will be dismissed.

A complaint need not contain detailed allegations, but the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions." as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated

---

[1] The docket reflects the spelling of "Yisrael." The Clerk shall correct the docket.

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506. 512 (2002) (internal quotation marks omitted).

The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against possible abuses of this privilege, however, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009*)* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ). But, unlike the failure to state a claim standard, in reviewing for frivolity, the Court "is not bound to accept 'clearly baseless' factual allegations as true." *Kilgore-Bey v. Rudey*, No. RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018). Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002)); *see Denton v. Hernandez,* 504 U.S. 25, 29 (1992).

The Court also is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *See Erickson v. Pardu*s, 551 U.S. 89, 94 (2007). In evaluating the Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Twombly*, 550 U.S. at 555–56). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In

making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). Even after affording the Complaint a liberal construction, it fails to set forth a plausible claim and is frivolous.

Plaintiff self-identifies as "a.k.a. Greene Giant," and "d/b/a Tia Greene." ECF 1 at 1, 2; ECF 1-3. She states she is a citizen of the State of "Leo Adromedea, Baltimore, USA & Planet Earth." ECF 1 at 4. Plaintiff's "Declaration of Zayin," which is attached to the Complaint, states that Lord Giylanah Yishrael is Supreme Judge in the Theocratic Government of Zayin. *Id*. at 10. Plaintiff seems to allege that Defendant Baltimore Gas and Electric is responsible for destroying all life on earth. *Id*. at 2.

As relief, plaintiff asks for "freedom from electrical destruction" and that Adi Nirel Joyner be returned to her mother under an order of protection. *Id.* at 5, 9.[2] The Complaint does not indicate why the U.N. General Assembly, Masonic Lodges, or Fraternal Organizations are named as defendants.

Even construing plaintiff's allegations liberally, the Court concludes that they involve "fantastic or delusional scenarios" which are without basis. *Neitzke*, 490 U.S. at 327–28. Therefore, the Court will dismiss the Complaint.

---

[2] In *Greene v. State of Maryland*, Civil Action No. GLR-17-3485 (D. Md. 2018), Greene filed suit against the State of Maryland, the U.S. Department of Justice, and the United States Attorney's Office based on various state court proceedings involving Greene and her former domestic partner, David Joyner. In July 2014, a Maryland state court granted sole custody of Greene and Joyner's child to Joyner. On January 10, 2018, the Honorable George L. Russell, III, dismissed the case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In *Greene v. Joyner*, Civil Action No. JFM-17-688 (D. Md. 2017), Greene sued Joyner and several Maryland state agencies concerning child custody and child support arrangements. On March 30, 2017, the Honorable J. Frederick Motz dismissed the case without prejudice.

An Order follows.

Date:  March 25, 2019
/s/
Ellen L. Hollander
United States District Judge